THE PEOPLE v. RAMSEY ET AL.

APPEAL from the District Court of San Juan.

No. 21.—Decided February 25, 1905.

GAMBLING—INFORMATION—BANKING OR PERCENTAGE GAME.—In an information charging gambling, under section 299 of the Penal Code, it is necessary to allege and prove that the game played was "a banking or percentage game."
ID.—DICE.—The fact that the defendants were playing dice for money is not sufficient to warrant the court in holding that it is a "banking or percentage game."

The facts are stated in the opinion.
*Mr. Falcón,* for appellant.
*Mr. Rossy, Fiscal,* for respondent.
MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal brought in this court from a judgment of conviction in the District Court of San Juan for playing games prohibited by section 299 of the Penal Code.

The information was as follows:

"The said J. F. Ramsey, R. Blumbey, J. Bean, and A. S. Stevens, on the 27th day of April, 1904, in the Izzy saloon of Isaac Sach, situated at No. 1 San Justo street, of this city, corresponding to the judicial district of San Juan, were unexpectedly discovered by the police playing dice for money, which was seized by the police, as well as the dice with which they were carrying on their game. This act is contrary to the law for such case provided and against the peace and dignity of The People of Porto Rico.—Signed: Jésus Ma. Rossy."

To this information the defendants demurred substantially on the ground that there was no offense against the law charged therein, but the court overruled the same and the defendants excepted.

The testimony given in the trial was as follows:

Witness for the prosecution, Manuel Vargas, Insular Police: That he learned that a game was being carried on at Izzy's place and through a screen saw that it was true, and sent to look for some other companions; when they returned and entered the place some (of those who were playing) ran, and they caught the defendants; he seized $2.40 in money and a pair of dice; that he saw the four accused standing around the table where the game was being played; that the table was a billiard table. In reply to questions put by the defense he says: That four or six others were playing, who ran; he cannot say who directed the game; that the place where they played is a public part of the saloon.

Francisco López, Insular Police, says that he was called by Vargas to surprise a game in Izzy's place; that they went to the said place in the second saloon, where there was a crowd around a billiard table, who upon seeing them arrive tried to escape, they being able to arrest some of them; that they seized the sum of $2.40, which was a part of the money with which they were playing, and also seized a pair of dice. Replying to questions put by the defense, he says: That there were several sailors among those who were playing, who made good their escape; that the $2.40 was scattered around on the table; that they experienced no difficulty in finding the place; that it is a billiard saloon.

Ceferino Ferrer says that, standing in front of the door of the Izzy saloon, he saw several sailors and citizens come out of the place rapidly, and then the police came out with the accused; he knows nothing about what they were doing inside.

And the following facts were given by the court as proved:

"J. T. Ramsey, R. Blumbey, J. Dean, and A. S. Stevens, on the 27th of April, 1904, in the Izzy saloon, belonging to Isaac Sach, situated on San Justo street, No. 1, of this city, were surprised by the police while engaged in playing dice."

Section 299 of the Penal Code, after enumerating a specific

number of games which are specifically prohibited, prohibits the playing of any banking or percentage game played with cards, dice or any device, for money, checks, credit or other representative of value.

This section is a substantial copy of section 330 of the Penal Code of California, and the case of *The People* v. *Gosset,* reported in 93 California, on page 641, and the case of *The People* v. *Carroll,* 80 California, page 153, indicate what a banking or percentage game is, and the care with which an information of this character should be drawn, and also show what is necessary to charge the taking part in one of the specific games enumerated, or the playing of a banking or percentage game.

The information failed to charge that the game played was "a banking or percentage" game, and we think the exception taken by the defendant was a valid one. However, even if the information had been good there is nothing in the proof which shows that the defendants, even though playing dice for money, were playing "a banking or percentage" game.

For these reasons the court is of the opinion that there was no offense charged or proved against the defendants, and that the judgment of the District Court of San Juan should be reversed.